**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

TIMOTHY HOLDEN and
KEVA HOLDEN,

    Plaintiffs,                      CASE NO. 05-CV-10057-BC

v.                                     DISTRICT JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE CHARLES BINDER

COUNTY OF SAGINAW,
CITY OF SAGINAW, SAGINAW
POLICE DEPARTMENT, DETECTIVE
MARK LIVELY, GEORGE BEST II,
AUTO OWNERS INSURANCE CO.,
MR. MCMARTIN, MR. WASEK,
MICHAEL THOMAS, MICHAEL DAWAN,
DIANE FROST, DET. SGT. VANBUREN,
OFFICER JAMES ROBINSON,
LT. MALLETTE, DET. PAUL BERG,
DET. ROBERT RUTH, DET. JAMES VONDETTE,
DET. JAMES MASSEY, DET. JAMES A. VANTS,

    Defendants.
_____/

**AMENDED[1]**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANTS SAGINAW COUNTY, MICHAEL THOMAS**
**AND GEORGE BEST II'S MOTION TO DISMISS**
(Dkt. 4)
**AND DEFENDANTS CHARLES E. MCMARTIN, CLARE A. WASEK**
**AND MICHAEL DWAN'S MOTION FOR SUMMARY JUDGMENT**
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**</u>
(Dkts. 18 & 19)[2]

---

    [1]This Report and Recommendation is amended to correct the caption and to remove footnote number two regarding the spelling of Defendant Wasek. No other changes have been made.

    [2]Counsel's first attempt to electronically file this motion (Dkt. 18) was unsuccessful. The motion was successfully electronically refiled in its entirety by counsel later the same day. (Dkt. 19)

**I.     RECOMMENDATIONS**

For the reasons stated below, **IT IS RECOMMENDED** that:

1. Defendants Saginaw County, Michael Thomas and George Best II's Motion to Dismiss be **GRANTED**;

2. Defendants Charles E. McMartin, Clare A. Wasek and Michael Dwan's[3] Motion for Summary Judgment be **GRANTED**, and

3. Defendants Auto Owners Insurance and Diane Frost be **DISMISSED**.

**II.    REPORT**

   **A.    Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on March 9, 2005. (Dkt. 7.) Pending are the above-entitled motions. Defendants Saginaw County, Thomas and Best filed their motion to dismiss on March 4, 2005. (Dkt. 4.) Plaintiffs filed a response opposing the motion on April 1, 2005. (Dkt. 16.) Defendants Auto Owners and Frost also filed a response suggesting that they too should be dismissed. (Dkt. 17.)

Defendants McMartin, Wasek and Dwan filed their motion for summary judgment on May 3, 2005. (Dkt. 19.) Plaintiffs have failed to respond to this motion within the time limits set forth in a notice filed May 9, 2005. (Dkt. 20.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

Plaintiffs Timothy and Keva Holden filed their *pro se* complaint on February 18, 2005. Plaintiffs' primary claim is summarized in the opening paragraph of the complaint, which states:

---

[3]Defendant Dwan's name is incorrectly spelled as "Dawan" in Plaintiffs' complaint.

"This is a Tort action stating that the Defendants brought False and fraudulent criminal charges against the Plaintiff, using a false witness that they knew or should have known did not have the information enough to prosecute the Plaintiff." (Compl., Dkt. 1 at ¶ 1.) Plaintiffs seek the award of $10,000,000.00 compensatory and $10,000.000.00 exemplary and punitive damages from each Defendant.

### B.      Analysis and Conclusions

#### 1.      In Pro Per Plaintiffs

Plaintiffs filed the instant complaint in pro per. ". . . [A] *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 113. A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, it "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

#### 2.      Defendants Saginaw County, Thomas and Best

These Defendants argue that dismissal as to them is appropriate because the allegations made against them are identical to allegations previously dismissed in another lawsuit filed against these Defendants by the same Plaintiffs.

A federal trial court "has discretion to dismiss a complaint which simply duplicates another pending related action." *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1577 (Fed. Cir. 1991) (citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (Where "a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (citations omitted) (emphasis in original); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (judge "acted within his discretion" in dismissing one of two identical cases)).

In *Holden, et al. v. Saginaw* Co., et al., Case No. 04-CV-10359-BC, I recommended on March 17, 2005, that these same three Defendants be dismissed. (Case No. 04-CV-10359-BC, Dkt. 35.) That recommendation was adopted on March 18, 2005. (*Id.*, Dkt. 40.) After comparison of the complaint in Case No. 04-CV-10359-BC with that filed in the instant case, I conclude that as to Defendants Saginaw County, Thomas and Best, the complaint in the instant case is in every substantive respect identical to that of Case No. 04-CV-10359-BC. The reasons underlying my recommendation for the dismissal of these Defendants in that case apply with equal force to the instant case. I therefore suggest the grant of the motion to dismiss by these Defendants is appropriate in this case.

    **3.**    **Defendants McMartin, Dwan, Frost and Auto Owners Insurance Company**

Paragraph eight of Plaintiff's complaint alleges that in May 2002 Defendant Frost made false statements to a police detective that Auto Owners suspected Plaintiff Timothy Holden of making fraudulent claims. Paragraph nine recites the content of alleged deposition testimony given by Defendant Frost. Paragraph ten states that Defendants Dwan, Frost, Wasek and McMartin were "grossly negligent that they did not inform the plaintiffs that Mr. Dawan [sic] make [sic] a false

4

report of a fire[.]" No other direct references to any of these Defendants appear in Plaintiffs' complaint.

In their motion, Defendants allege that McMartin, Wasek & Associates is a company specializing in insurance adjustment and was hired by Auto Owners Insurance Company to adjust an insurance loss claimed by Plaintiffs. Defendants state that Defendant Michael Dwan is an employee of McMartin, Wasek assigned to adjust the claim.

Defendants Frost and Auto Owners argue that as to them Rule 12(b)(6) mandates a dismissal. Although Defendants McMartin, Wasek and Dwan titled their motion as one for summary judgment, Defendants consistently cite Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Here, Plaintiffs have failed to allege any facts in support of their claims against any of these Defendants. The complaint consists entirely of conclusory legal allegations. Conclusory assertions with neither specific factual allegations nor specific linkage to a defendant fail to state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) ("[C]omplaint was vague, conclusory, and contained no factual allegations upon which a valid federal claim may rest. Thus, even under the most liberal construction, [the] complaint did not state a claim for relief.") Under these standards, I suggest that since Plaintiffs have failed to meet the minimum pleading standards set forth in Rule 8 as to Defendants Frost, Auto Owners, McMartin, Wasek & Associates or Dwan, dismissal pursuant to Rule 12(b)(6) is appropriate as to all of these Defendants.

The only other allegation which could potentially implicate any of these Defendants is set forth in paragraph 31 which is also called Claim III. This paragraph reads as follows:

> That the Defendants violated the Freedom of Information Act. by giving Det. Sgt. Mark Lively, of the Saginaw Police Dept., acted through their agent Det. Sgt. Mark Lively, to commit the wrongful acts of bringing false and fraudulent charges against the Plaintiff in order to falsely prosecute him for acts that he did not do, all with the full knowledge that he did not commit said acts, knowing that their actions would harm the Plaintiff and subject him to undue expense for attorney fees, damage his reputation in the community and leave him in fear for other undue harm against him, in violation of the Federal Statutes.

(Compl., Dkt. 1, ¶ 31.)

After review of Plaintiffs' complaint, I suggest that this claim fails as to these Defendants. The federal Freedom of Information Act (FOIA) applies only to agencies of the executive branch of the United States Government. 5 U.S.C. §§ 551(1), 552(f); *see also Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997). Similarly, under Michigan's FOIA, only "public

6

bodies" are required to disclose public records that are not specifically exempt from disclosure under the act. *Sclafani v. Domestic Violence Escape*, 255 Mich. App. 260, 264, 660 N.W. 2d 97 (2003); *Landry v. City of Dearborn*, 259 Mich. App. 416, 419, 674 N.W.2d 697 (2003). The FOIA does not apply to private corporate entities such as Auto Owners or McMartin, Wasek & Associates, or its employees. I therefore suggest that the grant of these Defendants' request for dismissal are also appropriate on this basis.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                            s/ *Charles E Binder*
                            CHARLES E. BINDER
Dated: June 30, 2005            United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on John Decker, Gregory Meter and Christina Grossi, and served in the traditional manner on Timothy Holden, Keva Holden, Eric Knuth and Honorable David M. Lawson.


Dated:  June 30, 2005                         By     s/Mary E. Dobbick
                                                                     Secretary to Magistrate Judge Binder